# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ANTWON DONTAE ROLLAND II,

    Plaintiff,

v.

    KALAMAZOO COUNTY, and
DEPUTY DURYL COOK, in his individual capacity,

    Defendants.

Case No.:

Hon.

**Jury Trial Demanded**

---

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777
michael@markolaw.com

---

## COMPLAINT

**NOW COMES**, Plaintiff Antwon Dontae Rolland II, by and through his

attorneys at

## INTRODUCTION

1.    This is a civil rights action arising under 42 U.S.C. § 1983 for malicious

prosecution and Due Process violations. Plaintiff Antwon Dontae Rolland II was

wrongfully arrested, detained for over two years, and prosecuted for homicide based

1

**Complaint**

*Rolland v. Kalamazoo County, et al.*        Michael L. Jones, Esq.
Case No.: 26-  -                               Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

on an investigation in which Deputy Duryl Cook of the Kalamazoo County Sheriff's Office deliberately suppressed exculpatory evidence for more than two years. The withheld evidence contradicted the prosecution's theory and was only disclosed immediately before Plaintiff's favorable case resolution in November 2025. Plaintiff seeks compensatory and punitive damages under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights, as well as damages under Michigan state law for malicious prosecution.

## JURISDICTION AND VENUE

2.      This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, as Plaintiff's claims arise under the Constitution of the United States and 42 U.S.C. § 1983. This Court may exercise supplemental jurisdiction over any related state-law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Kalamazoo County, which is located within this judicial district.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                                    Michael L. Jones, Esq.
Case No.: 26-   -                                                        Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

## PARTIES

4.     Plaintiff, Antwon Dontae Rolland II, is an individual and citizen of the State of Michigan and was at all relevant times a resident of Kalamazoo County, Michigan.

5.     Defendant Kalamazoo County operates a law enforcement agency organized under the laws of the State of Michigan and a political subdivision of the  State of Michigan. It is responsible for the operation of the Kalamazoo County Sheriff's Office and for establishing and enforcing the policies, practices, and customs of its law enforcement officers, including those policies regarding the investigation of crimes and the disclosure of evidence. The Kalamazoo County Sheriff's Office serves as the primary law enforcement agency for over 105,000 residents. Key services include County Jail Operations (managing inmate population). Its mission is to protect the lives and property of Kalamazoo County residents by: enforcing state laws and local ordinances, investigating crimes with professionalism, integrity, and courtesy, detaining prisoners in a humane and respectful manner, and collaborating with criminal justice agencies and the community to enhance quality of life and ensure equal protection under state and federal constitutions.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                                   Michael L. Jones, Esq.
Case No.: 26-    -                                                       Jon R. Marko, Esq.

6.     Defendant, Deputy Duryl Cook, was at all relevant times a Deputy Sheriff employed by the Kalamazoo County Sheriff's Office. In or around June 2020, Kalamazoo County hired Defendant Cook into the operations division. In performing the acts alleged in this Complaint, Defendant Cook acted under color of state law. Defendant Cook is sued in his individual capacity.

## STATEMENT OF FACTS

### A. Plaintiff's Circumstances in July 2023

7.     Plaintiff Antwon Dontae Rolland II was twenty-one (21) years old in July 2023.

8.     At the time of the events giving rise to this action, Plaintiff resided in Kalamazoo County, Michigan.

9.     On July 23, 2023, Mr. Rolland was at the Concord Place Apartments at 1506 Concord Place Drive in Oshtemo Township, Kalamazoo County, Michigan.

### B. The Shooting at Concord Place Apartments

10.     On July 23, 2023, at approximately 8:14 p.m., Davion Johnson, armed with a loaded Glock 9mm pistol, fired twice at Mr. Rolland. Multiple 911 calls were received by the Kalamazoo County Consolidated Dispatch Authority reporting a shooting at 1506 Concord Place Drive in Oshtemo Township, Kalamazoo County, Michigan.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                              Michael L. Jones, Esq.
Case No.: 26-   -                                                          Jon R. Marko, Esq.

11.     What Defendants framed as a premeditated murder, the physical evidence told a different story. Forensic analysis of a TikTok audio recording – evidence secretly held by Defendants for over two years – revealed definitively that Mr. Johnson fired the 9mm pistol first.

12.     At the time of the shooting, Mr. Johnson was in the parking lot outside his apartment building.

13.     Mr. Rolland, facing an armed man, fired back in self-defense at Mr. Johnson.

14.     Multiple gunshots were fired at Mr. Johnson, striking him multiple times.

15.     Mr. Johnson was transported to Bronson Methodist Hospital where he was pronounced deceased at 8:45 p.m. by Dr. Jon Walsh.

16.     Prosecutor Mary Ann Berdan herself acknowledged the significance of this sequence, and within fifteen minutes of learning this, the murder charge against Mr. Rolland was dropped. The case that kept Mr. Rolland locked up for over two years – with a potential life sentence – collapsed the moment the truth about who fired the first shot was revealed.

### C. The Immediate Investigation

17.     Deputies from the Kalamazoo County Sheriff's Office and officers from the Kalamazoo Department of Public Safety responded to the scene.

**Complaint**

*Rolland v. Kalamazoo County, et al.*
Case No.: 26-   -

Michael L. Jones, Esq.
Jon R. Marko, Esq.

18.    At the scene, investigators recovered multiple spent shell casings, including eight (8) to nine (9) rifle casings of 5.56mm caliber, commonly associated with AR-15 style rifles, and one (1) spent 9mm shell casing.

19.    A Glock 48 9mm pistol, serial number BKZA004, was found on the ground near Mr. Johnson's body.

20.    Witnesses reported seeing a black male dressed in all black clothing carrying a long rifle and fleeing in a white Chevrolet Malibu.

21.    The white Chevrolet Malibu was later identified as bearing Michigan license plate EPU0039.

22.    On July 29, 2023, investigators recovered an R Guns TRR15 rifle, caliber 5.56mm, serial number BAK15440, from dense foliage near South 11th Street and West KL Avenue in Kalamazoo County, approximately one-quarter mile from the shooting scene.

### D. Deputy Cook's Suppression of Critical Evidence

23.    Defendant Duryl Cook was one of the first responding officers to the scene of the July 23, 2023 shooting at 1506 Concord Place Drive.

24.    Cook was aware that his nephew, Jacorian Thompson, resided at 1506 Concord Place Drive, directly above the apartment where the victim Davion Johnson lived with his girlfriend Shatonia Anderson in Apartment 1C.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-  -                                             Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

25.    On July 24, 2023, the day after the homicide, Deputy Cook reached out to his sister, Tamisha Cook, whose son Jacorian Thompson resided at the Concord Place Apartments.

26.    Cook learned that at the time of the shooting, Jacorian Thompson had been playing an online basketball game called "Y2K" with multiple online gamers.

27.    During the shooting, the audio from the incident was captured through Jacorian Thompson's gaming system and recorded by another gamer who was playing online with him.

28.    The unidentified gamer uploaded this audio recording to the social media platform TikTok.

29.    On July 24, 2023, at 3:11 p.m., Jacorian Thompson provided the TikTok video clip containing the audio recording of the gunshots to Cook and his mother Tamisha Cook.

30.    The audio recording captured multiple gunshots from the shooting incident with sound quality superior to other audio recordings that had been collected as evidence in the case.

31.    The audio recording was material evidence that could establish the sequence of gunfire during the incident.

7

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-  -                                        Jon R. Marko, Esq.

32.    Cook did not share this video or inform anyone in the Criminal Investigation Division (CID) of the Kalamazoo County Sheriff's Office of the existence of this recording.

33.    Cook did not disclose the recording to any investigators assigned to the homicide case.

34.    Cook did not disclose the recording to the Kalamazoo County Prosecutor's Office.

35.    Cook maintained possession of this critical evidence without disclosing it to anyone for over two years.

36.    Cook's stated reason for failing to disclose the evidence was that he did not believe the video held any evidentiary value because it was an audio recording only and did not show any video of the incident or involved parties.

37.    On November 3, 2025, more than two years after obtaining the recording, Detective Sergeant Warren Misner encountered Cook at the afternoon shift patrol briefing at the Kalamazoo County Sheriff's Office.

38.    During a brief conversation about the Antwon Rolland homicide trial, Cook informed Detective Sergeant Misner for the first time that his nephew lived above the victim's apartment.

39.    Detective Sergeant Misner then learned from Cook of the existence of the TikTok audio recording of the shooting.

8

**Complaint**

*Rolland v. Kalamazoo County, et al.*                         Michael L. Jones, Esq.
Case No.: 26-   -                                                          Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

40.    Later that afternoon, Cook forwarded the evidence to Detective Sergeant Misner's county email.

41.    Upon reviewing the recording, Detective Sergeant Misner immediately recognized it to be valuable evidence to the case.

42.    Detective Sergeant Misner then conducted a formal interview with Cook regarding the origin of the evidence.

43.    The audio recording was provided to Sergeant James Dunlop for detailed forensic analysis.

44.    Sergeant Dunlop's examination and analysis of the audio recording revealed that the 9mm pistol fired before the rifle shots were fired.

45.    This sequence of fire was material and exculpatory evidence supporting Plaintiff's potential claim of self-defense, as it indicated that the victim Davion Johnson may have fired first.

46.    The suppressed evidence directly contradicted the prosecution's theory of the case and undermined the basis for the murder charges against Plaintiff.

47.    Cook's familial relationship with the source of the evidence, his nephew Jacorian Thompson, created an inherent conflict of interest that required disclosure to supervisors and prosecutors.

48.    A reasonable law enforcement officer in Cook's position would have known that audio evidence capturing the sequence of gunfire in a homicide

9

**Complaint**

*Rolland v. Kalamazoo County, et al.*                                    Michael L. Jones, Esq.
Case No.: 26-   -                                                       Jon R. Marko, Esq.

investigation was material evidence that must be disclosed to investigators and prosecutors.

49.    Cook's deliberate failure to disclose this exculpatory evidence for over two years, combined with his conflict of interest, demonstrates either intentional suppression or reckless disregard for Plaintiff's constitutional rights.

50.    The prosecution immediately recognized the significance of the suppressed evidence when it was finally disclosed on November 3, 2025.

51.    Within approximately fifteen minutes of learning about the recording on November 5, 2025, prosecutor Mary Ann Berdan contacted defense counsel Donald Sappanos to disclose the evidence.

52.    The criminal case against Plaintiff was resolved with a favorable plea agreement immediately following the disclosure of this long-suppressed evidence.

### E. Plaintiff's Arrest, Detention, and Prosecution

53.    On August 15, 2023, approximately three weeks after the July 23, 2023 shooting, Plaintiff Antwon Dontae Rolland II was arrested by the Michigan State Police Fugitive Team at the Walmart located at 6065 Gull Road in Comstock Township, Kalamazoo County, Michigan.

54.    The arrest was executed pursuant to a warrant issued by the 9th Circuit Court for Kalamazoo County on August 2, 2023.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-   -                                              Jon R. Marko, Esq.

55.     Plaintiff was charged with three felony counts: (1) Open Murder in violation of M.C.L. 750.316, a life offense; (2) Felony Firearm in violation of M.C.L. 750.227b, a two-year mandatory consecutive sentence; and (3) Felon in Possession of a Firearm in violation of M.C.L. 750.224f, a five-year felony.

56.     The case was assigned to the Honorable Christine A. Morse and docketed as Case No. 23-1454-FC in the 9th Circuit Court for Kalamazoo County.

57.     The prosecution was handled by Mary Ann Berdan of the Kalamazoo County Prosecutor's Office.

58.     From the date of his arrest on August 15, 2023, until his release on November 5, 2025, Plaintiff remained continuously detained in the Kalamazoo County Jail, a period of approximately two years and three months.

59.     During his detention, Plaintiff was unable to post bond and remained incarcerated pending trial on charges that carried a potential sentence of life imprisonment.

60.     The prosecution's theory of the case was that Plaintiff had intentionally and with premeditation shot and killed Davion Johnson, as evidenced by the rifle recovered near the scene and circumstantial evidence linking Plaintiff to the vehicle observed fleeing the scene.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-   -                                                           Jon R. Marko, Esq.

61.    On November 5, 2025, two days after the belated disclosure of the suppressed TikTok audio recording, Plaintiff entered a plea of no contest to Count Two (Felony Firearm) in exchange for the dismissal of Count One (Open Murder).

62.    The plea agreement included a sentence of time served, and Plaintiff was immediately released on a personal recognizance bond.

63.    Sentencing was scheduled for December 22, 2025, at which time Count One would be formally dismissed with prejudice pursuant to the plea agreement.

64.    Defense counsel stated on the record that the resolution was reached "in light of the civil ramifications that may surround this case."

### F. Disclosure of Evidence and Favorable Termination

65.    On November 3, 2025, more than two years after the homicide, Detective Sergeant Warren Misner finally learned of the existence of the suppressed TikTok audio recording during a conversation with Deputy Cook at a patrol briefing.

66.    Upon reviewing the audio evidence, Detective Sergeant Misner immediately recognized its significance and provided it to Sergeant Dunlop for forensic analysis.

67.    Sergeant Dunlop's analysis revealed that the nine-millimeter pistol fired twice before the rifle shots, directly contradicting the prosecution's theory of the case and providing material exculpatory evidence supporting Plaintiff's potential self-defense claim.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                                        Michael L. Jones, Esq.
Case No.: 26-    -                                                                    Jon R. Marko, Esq.

68. Within approximately fifteen minutes of learning about the recording on November 5, 2025, prosecutor Mary Ann Berdan contacted defense counsel Donald Sappanos to disclose this Brady material that should have been provided years earlier.

69. On November 5, 2025, a plea hearing was held before the Honorable Christine A. Morse.

70. At the hearing, the prosecution and defense reached a resolution whereby Plaintiff would plead no contest to Count Two (Felony Firearm) in exchange for dismissal of Count One (Open Murder).

71. The plea agreement included a sentence of time served, and Plaintiff was immediately released on a personal recognizance bond.

72. Defense counsel stated on the record: "We offered the no contest plea, Your Honor, in light of the civil ramifications that may surround this case."

73. The dismissal of the murder charge—the most serious charge and the focus of this malicious prosecution action—constituted a favorable termination of the criminal proceeding as a matter of law, particularly where the dismissal was directly connected to the belated disclosure of exculpatory evidence that had been deliberately suppressed for over two years.

### G. Plaintiff's Damages and Harm Suffered

13
**Complaint**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

74.    As a direct and proximate result of the malicious prosecution initiated by Defendants, Plaintiff Antwon Dontae Rolland II suffered a substantial deprivation of his liberty. He was arrested, incarcerated for approximately two years and three months, and forced to defend himself against a murder charge carrying a potential life sentence.

75.    During his incarceration, Plaintiff suffered severe emotional and psychological harm, including post-traumatic stress disorder (PTSD), panic attacks, nightmares, and severe anxiety. He was prescribed the medication Remeron for his PTSD symptoms and has been receiving ongoing therapy with Dr. Bill Brooks of Kalamazoo Psych.

76.    Plaintiff experienced physical manifestations of his emotional distress, including hair loss, irritable bowel syndrome (IBS), night sweats, weight fluctuations, and sleep disturbances that continue to this day.

77.    As a result of his wrongful incarceration, Plaintiff missed the birth of his son, which occurred approximately one month after his arrest, depriving him of this irreplaceable life event and the opportunity to bond with his child during the critical early period of his son's life.

78.    Plaintiff's reputation in the Kalamazoo community has been severely damaged. Members of the community continue to question him about the murder

**Complaint**

*Rolland v. Kalamazoo County, et al.*
Case No.: 26-   -

Michael L. Jones, Esq.
Jon R. Marko, Esq.

charges, subjecting him to public stigma and humiliation despite the favorable resolution of his case.

79.    Plaintiff has suffered substantial economic losses, including the loss of approximately one to two years of career growth and educational advancement opportunities while incarcerated, as well as the loss of employment opportunities due to the public murder charges appearing in background checks.

80.    Plaintiff was forced to retain criminal defense counsel and incurred substantial attorney's fees, expert witness fees, and investigation costs in defending himself against the baseless murder charge.

81.    Plaintiff continues to suffer from the ongoing effects of his wrongful prosecution and incarceration, including continuing psychological symptoms, damaged reputation, and diminished economic prospects.

## COUNT I
### 42 U.S.C. § 1983 - Malicious Prosecution, Fourth Amendment

82.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

83.    To succeed on a malicious prosecution claim under 42 U.S.C. § 1983, a plaintiff must prove that: (1) a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute; (2) there was a lack of probable cause for the criminal prosecution; (3) as

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-    -                                        Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKOLAW

a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010); *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).

84.    Defendant Deputy Cook, acting under color of law, made, influenced, or participated in the decision to initiate a criminal prosecution against Plaintiff by deliberately suppressing material exculpatory evidence from the investigating detectives and the Kalamazoo County Prosecutor's Office.

85.    As one of the first responding officers to the homicide scene, Deputy Cook was intimately familiar with the investigation and the evidence being gathered by the Criminal Investigation Division.

86.    Deputy Cook directly participated in the decision to prosecute Plaintiff by withholding the TikTok audio recording that captured the sequence of gunfire, thereby ensuring that prosecutors and investigators operated on an incomplete and misleading factual record when initiating charges against Plaintiff.

87.    There was a complete lack of probable cause for the criminal prosecution of Plaintiff for Open Murder. As a law enforcement officer, Defendant Cook knew or should have known that probable cause does not exist where critical exculpatory evidence is deliberately withheld from the decision-makers. *Wesley v. Campbell*, 779 F.3d 421, 433 (6th Cir. 2015).

**Complaint**

*Rolland v. Kalamazoo County, et al.*                                              Michael L. Jones, Esq.
Case No.: 26-    -                                                                              Jon R. Marko, Esq.

88. The TikTok audio recording obtained by Deputy Cook on July 24, 2023—within 24 hours of the homicide—was material exculpatory evidence that would have negated probable cause to charge Plaintiff with murder had it been disclosed.

89. Forensic analysis by Sergeant Dunlop revealed that the audio recording demonstrated the nine-millimeter pistol fired twice before the rifle shots were fired, directly contradicting the prosecution's theory that Plaintiff initiated the violence and supporting a potential self-defense claim.

90. This evidence was classic Brady material—evidence favorable to the accused that is material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83 (1963).

91. Had this exculpatory evidence been disclosed to investigators and prosecutors as required, there would have been no probable cause to believe that Plaintiff committed premeditated murder, as the evidence suggested the victim may have fired first.

92. Instead of conducting a fair and objective investigation, Defendant Cook turned a "blind eye toward potentially exculpatory evidence" in violation of Plaintiff's clearly established rights. *Ahlers v. Schebil,* 188 F.3d 365, 371-72 (6th Cir. 1999).

**Complaint**

*Rolland v. Kalamazoo County, et al.*  Michael L. Jones, Esq.
Case No.: 26-  -  Jon R. Marko, Esq.

93.    The use of fabricated or knowingly false evidence, or the deliberate suppression of exculpatory evidence, to initiate legal process violates the Fourth Amendment and constitutes malicious prosecution under clearly established law. *Malley v. Briggs*, 475 U.S. 335 (1986); *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017).

94.    Defendant Cook acted with malice or, at a minimum, with reckless disregard for the truth and Plaintiff's rights by deliberately suppressing material exculpatory evidence for over two years while Plaintiff remained incarcerated on a life offense.

95.    As a consequence of the legal proceedings, Plaintiff suffered a significant and substantial deprivation of liberty apart from his initial seizure. He was incarcerated for approximately two years and three months—from August 15, 2023, until November 5, 2025.

96.    During this extended detention, Plaintiff was held on charges carrying a potential sentence of life imprisonment, was unable to post bond, and was subjected to the harsh conditions of pretrial confinement while facing the most serious criminal charge under Michigan law.

97.    This prolonged detention constitutes a substantial deprivation of liberty sufficient to support a malicious prosecution claim under clearly established Sixth Circuit precedent.

18

**Complaint**

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

98.     The criminal proceeding, *People v. Antwon Rolland*, Case No. 23-1454-FC, was resolved in Plaintiff's favor when the Kalamazoo County Prosecutor's Office agreed to dismiss Count One (Open Murder) on November 5, 2025, immediately following the belated disclosure of the suppressed exculpatory evidence.

99.     The dismissal of the murder charge—the principal charge and focus of this malicious prosecution action—constituted a favorable termination of the criminal proceeding as a matter of law.

100.    Notably, defense counsel stated on the record that the no contest plea to the lesser charge was entered "in light of the civil ramifications that may surround this case," further confirming that the resolution was connected to the constitutional violations arising from the suppression of evidence.

101.    Qualified immunity does not shield Defendant Cook from liability. At the time of his conduct, it was clearly established that law enforcement officers may not deliberately suppress material exculpatory evidence to secure a prosecution.

102.    The law has been clearly established since *Brady v. Maryland* in 1963 that the suppression of evidence favorable to an accused violates due process where the evidence is material either to guilt or to punishment.

103.    A reasonable law enforcement officer in Defendant Cook's position would have known that audio evidence capturing the sequence of gunfire in a

19

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-   -                                          Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

homicide investigation was material evidence that must be disclosed to investigators and prosecutors, particularly where it contradicted the prosecution's theory of premeditated murder.

104.    Defendant Cook's familial relationship with the source of the evidence created an obvious conflict of interest that any reasonable officer would have recognized as requiring immediate disclosure to supervisors and prosecutors.

105.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered irreparable harm, including loss of liberty for over two years, severe emotional distress, post-traumatic stress disorder requiring ongoing treatment, humiliation, damage to his reputation, and significant financial losses including criminal defense attorneys' fees and costs.

**WHEREFORE,** Plaintiff seeks judgment against Defendants Deputy Cook, Kalamazoo County Sheriff's Department, jointly and severally, for compensatory damages, punitive damages, costs, and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief this Court deems just and proper.

## COUNT II
**42 U.S.C. § 1983 - Due Process Violations (Fourteenth Amendment)**

106.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-   -                    Jon R. Marko, Esq.

107. The Fourteenth Amendment to the United States Constitution protects individuals from being subjected to criminal proceedings on the basis of deliberately fabricated or suppressed evidence. The deliberate fabrication or suppression of material exculpatory evidence violates a defendant's substantive due process right to a fair criminal process. *Gregory v. City of Louisville*, 444 F.3d 725, 729 (6th Cir. 2006); *Spurlock v. Satterfield*, 167 F.3d 995, 1001 (6th Cir. 1999).

108. To establish a due process violation based on suppression of exculpatory evidence, Plaintiff must prove that: (1) Defendants suppressed evidence that was favorable to the accused; (2) the suppression harmed the accused; and (3) Defendants acted with deliberate indifference to the accused's constitutional rights or with reckless disregard for the truth.

109. Defendant Deputy Cook deliberately suppressed material exculpatory evidence—the TikTok audio recording of the July 23, 2023 shooting—from prosecutors and investigating detectives for over two years, from July 24, 2023 until November 3, 2025.

110. The suppressed evidence was highly favorable to Plaintiff. Forensic analysis by Sergeant Dunlop revealed that the audio recording demonstrated the nine-millimeter pistol fired twice before the rifle shots were fired, directly contradicting the prosecution's theory of premeditated murder and supporting a potential self-defense claim.

21

**Complaint**

111.    Defendant Cook acted with deliberate indifference to Plaintiff's constitutional rights by consciously and recklessly disregarding the consequences of withholding this critical evidence while Plaintiff remained incarcerated on a life offense.

112.    The egregious nature of Deputy Cook's conduct is magnified by his familial conflict of interest. His nephew, Jacorian Thompson, was the source of the evidence and resided directly above the victim's apartment. Any reasonable officer would have recognized that this conflict of interest required immediate disclosure to supervisors and prosecutors, yet Deputy Cook deliberately concealed both the evidence and his relationship to the source.

113.    Defendant Cook's conduct shocks the conscience. The deliberate suppression of exculpatory evidence for over two years, combined with an undisclosed conflict of interest, while a defendant remains incarcerated on murder charges demonstrates a callous indifference to constitutional rights that goes far beyond mere negligence.

114.    The suppression of this evidence directly caused Plaintiff's continued deprivation of liberty. Had the TikTok audio recording been disclosed as required, it would have fundamentally altered the prosecution's case and likely resulted in dismissal of the murder charge or Plaintiff's release on bond.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-    -                                        Jon R. Marko, Esq.

115.  As a direct result of Defendants' suppression of evidence, Plaintiff was detained for approximately two years and three months while facing a potential life sentence based on an incomplete and misleading investigative record.

116.  The right to a fair criminal process, free from the knowing use or suppression of material exculpatory evidence, has been clearly established since *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. *Spurlock v. Satterfield*, 167 F.3d at 1001.

117.  A reasonable law enforcement officer would have known that concealing exculpatory audio evidence capturing the sequence of gunfire in a homicide investigation violates an accused's clearly established due process rights.

118.  This Count differs from and complements the Fourth Amendment malicious prosecution claim in Count I. While Count I focuses on the initiation of prosecution without probable cause, this Count focuses on the fundamental unfairness of the criminal process itself—the government's deliberate manipulation of the evidence to secure and maintain a prosecution, thereby denying Plaintiff his right to a fair proceeding.

119.  Qualified immunity does not shield Defendant Cook from liability. The law clearly establishing that fabricating or suppressing exculpatory evidence violates due process has been settled for decades, and no reasonable officer could have

**Complaint**
*Rolland v. Kalamazoo County, et al.*                                    Michael L. Jones, Esq.
Case No.: 26-   -                                                        Jon R. Marko, Esq.

believed that concealing material evidence for over two years while maintaining an undisclosed conflict of interest was lawful conduct.

120.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered irreparable harm, including loss of liberty for over two years, severe emotional distress, post-traumatic stress disorder requiring ongoing treatment, humiliation, damage to his reputation, and significant financial losses.

**WHEREFORE,** Plaintiff seeks judgment against Defendants Deputy Cook, Kalamazoo County Sheriff's Department, jointly and severally, for compensatory damages, punitive damages, costs, and attorney fees pursuant to 42 U.S.C. § 1988, and any other relief this Court deems just and proper.

## COUNT III
### Malicious Prosecution Under Michigan Law

140.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

141.    Defendants Deputy Cook, Kalamazoo County Sheriff's Department are liable for malicious prosecution under the laws of the State of Michigan.

142.    The elements of malicious prosecution under Michigan law are: (1) a criminal proceeding was instituted or continued by the defendant against the plaintiff; (2) the proceeding terminated in favor of the plaintiff; (3) the defendant lacked probable cause for initiating or continuing the proceeding; and (4) the

defendant acted with malice or a primary purpose other than that of bringing the offender to justice.

143.   As detailed above, Defendants instituted and continued a criminal proceeding against Plaintiff by deliberately suppressing exculpatory evidence, investigating based on incomplete facts, and pursuing murder charges while concealing the TikTok audio recording that contradicted the prosecution's theory.

144.   The proceeding terminated in Plaintiff's favor on November 5, 2025, when the 9th Circuit Court dismissed Count One (Open Murder) pursuant to a plea agreement reached immediately following disclosure of the long-suppressed exculpatory evidence.

145.   Defendants lacked probable cause for the reasons stated throughout this Complaint, including the deliberate withholding of the TikTok audio recording showing the nine-millimeter pistol fired before the rifle shots, Deputy Cook's undisclosed conflict of interest, and the complete absence of any reliable evidence supporting premeditated murder once the exculpatory evidence was considered.

146.   Defendants acted with malice or a primary purpose other than bringing the offender to justice. Malice is demonstrated by Defendant Cook's deliberate suppression of exculpatory evidence for over two years while Plaintiff remained incarcerated on a life offense, his concealment of the familial conflict of interest, and Defendants' continuation of the prosecution despite the weakness of the case. Under

**Complaint**

Michigan law, malice can be inferred from the absence of probable cause and from conduct demonstrating a purpose other than securing justice, including the deliberate or reckless disregard for Plaintiff's rights while pursuing conviction through suppression of material evidence.

147.    As a direct and proximate result of Defendants' malicious prosecution under Michigan law, Plaintiff suffered severe damages, including loss of liberty for approximately two years and three months, severe emotional distress and post-traumatic stress disorder, damage to his reputation, humiliation and public stigma, and the incurrence of significant criminal defense legal fees and costs.

**WHEREFORE,** Plaintiff seeks judgment against Defendants Deputy Cook, Kalamazoo County Sheriff's Department jointly and severally, for compensatory and exemplary damages in an amount to be determined at trial, plus costs, interest, and any other relief this Court deems just and proper.

## COUNT V
### Gross Negligence
(Against Individual Defendant)

148.    Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

149.    Under Michigan law, governmental employees are not immune from tort liability for conduct that amounts to gross negligence that is the proximate cause of a plaintiff's injury. MCL § 691.1407(2)(c).

26

**Complaint**

*Rolland v. Kalamazoo County, et al.*                                          Michael L. Jones, Esq.
Case No.: 26-  -                                                              Jon R. Marko, Esq.

150.   "Gross negligence" is defined as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." MCL § 691.1407(8)(a).

151.   At all relevant times, Defendant Deputy Duryl Cook was acting in the course and scope of his employment with the Kalamazoo County Sheriff's Office. He was under a duty to avoid engaging in conduct so reckless that it demonstrated a substantial lack of concern for whether Plaintiff would suffer injury from a baseless and unconstitutional prosecution.

152.   Defendant Cook breached this duty and engaged in grossly negligent conduct by, among other things:

    a.  Obtaining material exculpatory evidence—the TikTok audio recording—on July 24, 2023, within 24 hours of the homicide, and deliberately suppressing it for over two years while Plaintiff remained incarcerated on a life offense;

    b.  Failing to disclose the exculpatory evidence to the Criminal Investigation Division, the lead investigators, or the Kalamazoo County Prosecutor's Office despite an obvious duty to do so;

    c.  Concealing a significant conflict of interest—that his nephew Jacorian Thompson was the source of the evidence and resided directly above the victim's apartment;

    d.  Allowing the prosecution of Plaintiff to proceed for over two years based on incomplete and misleading information while possessing evidence that contradicted the prosecution's theory and supported a self-defense claim; and

    e.  Maintaining this suppression of evidence despite knowing that Plaintiff was detained on open murder charges carrying a potential life sentence.

27

**Complaint**

*Rolland v. Kalamazoo County, et al.*
Case No.: 26-   -

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

153.   This conduct was so reckless as to demonstrate a substantial lack of concern for whether Plaintiff would be wrongfully arrested, prosecuted, convicted, and imprisoned as a result of Defendant Cook's deliberate concealment of exculpatory evidence.

154.   Under MCL § 691.1407(8)(a), Defendant Cook's conduct—suppressing material exculpatory evidence for over two years while maintaining an undisclosed conflict of interest, all while Plaintiff remained incarcerated on murder charges—meets the threshold of gross negligence. His actions were the proximate cause of Plaintiff's wrongful prosecution and resulting injuries.

155.   The grossly negligent conduct of Defendant Cook was the proximate cause of the malicious prosecution of Plaintiff and the resulting injuries and damages he sustained, including loss of liberty for approximately two years and three months, severe emotional distress and post-traumatic stress disorder, reputational harm, humiliation, and substantial financial losses including criminal defense costs.

**WHEREFORE**, Plaintiff seeks judgment against Defendant Deputy Duryl Cook, in his individual capacity, for compensatory and exemplary damages in an amount to be determined at trial, plus costs, interest, and any other relief this Court deems just and proper.

**Complaint**

*Rolland v. Kalamazoo County, et al.*                    Michael L. Jones, Esq.
Case No.: 26-   -                                        Jon R. Marko, Esq.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff, ANTWON DONTAE ROLLAND II, respectfully requests that this Honorable Court enter a judgment against Defendants, jointly and severally, as follows:

a. Awarding Plaintiff compensation for all economic damages, including but not limited to lost income, lost earning capacity, lost career growth and educational advancement opportunities, criminal defense attorney's fees, expert witness fees, investigation costs, and all other financial losses, in whatever amount he is found to be entitled;

b. Awarding Plaintiff compensation for all non-economic damages, including but not limited to his loss of liberty for over two years, emotional distress, post-traumatic stress disorder, pain and suffering, humiliation, fear, anxiety, reputational harm, loss of the opportunity to be present for the birth of his son, and all other intangible losses, in whatever amount he is found to be entitled;

c. Awarding Plaintiff punitive damages against Defendants Deputy Duryl Cook in his individual capacity, for their malicious, willful, and reckless conduct, in an amount sufficient to punish them and to deter them and others from engaging in similar conduct in the future;

d. Awarding Plaintiff pre-judgment and post-judgment interest as allowed by law;

e. Awarding Plaintiff his costs of suit;

f. Awarding Plaintiff reasonable attorney's fees pursuant to 42 U.S.C. § 1988 for the federal civil rights claims and as otherwise permitted by law; and

g. Awarding Plaintiff any other and further relief this Court deems just and proper.

*Rolland v. Kalamazoo County, et al.*
Case No.: 26-  -

Michael L. Jones, Esq.
Jon R. Marko, Esq.

MARKOLAW.COM

220 W. CONGRESS, 4TH FLOOR
DETROIT, MI 48226

P: (313) 777-7LAW
F: ((313) 470-2011

MARKO LAW

Respectfully submitted,

*/s/ Michael L. Jones*
Michael L. Jones (P85223)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777
michael@markolaw.com

Dated: April 15, 2026

**Complaint**

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

ANTWON DONTAE ROLLAND II,

      Plaintiff,

v.

  KALAMAZOO COUNTY, and
  DEPUTY DURYL COOK, in his individual capacity,

      Defendants.

Case No.:

Hon.

**Jury Trial
Demanded**

_____

MICHAEL L. JONES (P85223)
JONATHAN R. MARKO (P72450)
Attorneys for Plaintiff
**Marko Law, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Ph: (313) 777-7777
michael@markolaw.com

_____

## DEMAND FOR JURY TRIAL

    **NOW COMES**, Plaintiff, ANTWON DONTAE ROLLAND II, by and through his

attorneys, Marko Law, PLLC, and hereby demands a trial by jury on all issues so triable

pursuant to Fed. R. Civ. P. 38.

                    Respectfully submitted,

                    */s/ Michael L. Jones*
                    Michael L. Jones (P85223)
                    Attorneys for Plaintiff
                    **Marko Law, PLLC**
                    220 W. Congress, Fourth Floor
                    Detroit, MI 48226
                    Ph: (313) 777-7777 / Fax: (313) 407-2011
Dated: April 15, 2026          michael@markolaw.com

**Jury Demand**

*Rolland v. Kalamazoo County, et al.*                 Michael L. Jones, Esq.
Case No.: 26-    -                         Jon R. Marko, Esq.