UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **ANTWON DONTAE ROLLAND II,** | Case No. 26-cv-01222 |
| | Judge Paul L. Maloney |
| Plaintiff, | Magistrate Judge Sally J. Berens |
| v. | |
| **KALAMAZOO COUNTY,** and, | |
| **DEPUTY DURYL COOK** in his | ***ORAL ARGUMENT REQUESTED*** |
| Individual capacity, | |
| Defendants. | |

### DEFENDANTS' JOINT MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

**NOW COMES** the Defendant, **KALAMAZOO COUNTY**, and **DEPUTY DURYL COOK**, by and through their undersigned counsel, and move this Court to dismiss Plaintiff's First Amended Complaint (ECF No. 11) in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

Because Deputy Cook answered the original complaint, Defendants respectfully request in the alternative that, should the Court find 12(b)(6) an inappropriate mechanism for this motion, the Court treat this motion, as to Deputy Cook, as a motion for judgment on the pleadings under Rule 12(c). The defense of failure to state a claim is expressly preserved, Fed. R. Civ. P. 12(h)(2)(B), and the standard of review is identical. *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.,*

463 F.3d 478, 487 (6th Cir. 2006); *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). Plaintiff's First Amended Complaint supersedes the original complaint in all respects. Plaintiff's Counsel, in other matters, has argued for the speedy and efficient resolution of all matters, should not oppose the bringing of this motion, as it avoid the brining of a second motion later once this is finally decided as to the County.

Pursuant to Local Civil Rule 7.1(d), the undersigned sought concurrence in the relief requested by conveying this motion's grounds to Plaintiff's counsel before filing. Concurrence was not obtained, necessitating this motion.

Defendants respectfully request oral argument.

In support of this motion, Defendants rely upon the accompanying brief.

Respectfully submitted,

SEWARD HENDERSON PLLC

 /s/Kali M.L. Henderson (P76479)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com

Dated:   June 8, 2026

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ANTWON DONTAE ROLLAND II,**

      Plaintiff,

v.

**KALAMAZOO COUNTY,** and,
**DEPUTY DURYL COOK** in his
Individual capacity,

      Defendants.

Case No. 26-cv-01222
Judge Paul L. Maloney
Magistrate Judge Sally J. Berens

**BRIEF IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

# TABLE OF CONTENTS

Index of Authorities ................................................................................ iv

Concise Statement of the Reasons ........................................................ viii

Introduction ..............................................................................................1

Statement of the Allegations ...................................................................3

Standard of Review ..................................................................................5

Law and Analysis .....................................................................................6

I.    Counts I and IV fail because the criminal proceeding did not terminate in Plaintiff's favor. ..........................................................................6

II.    Plaintiff's self-defense theory is barred by *Heck v. Humphrey.* ...................8

III.    Deputy Cook is entitled to Qualified Immunity. ........................................9

IV.    Count I independently fails as to Deputy Cook. ........................................10

A.  Cook did not make, influence, or participate in the decision to prosecute. ...........................................................................................10

B.  Probable cause existed independent of the recording. ...............................12

V.   Count II fails: the recording was cumulative, its significance was not apparent, and Defendant is entitled to Qualified Immunity. .................................14

VI.    Count III fails to state a claim of municipal liability. ...............................14

A.  Plaintiff pleads no pattern, and his own allegations foreclose single-incident liability. ......................................................................................15

B.  The County's existing directives covered the conduct; what remains is hindsight. ............................................................................................16

C.  The Prosecutor's Office allegations cannot support County liability. .......18

D.    The failure-to-supervise theory adds nothing. .........................................18

VII.   Count V impermissibly repackages intentional conduct as gross negligence. ....................................................................................................19

VIII.    Count IV fails with the favorable-termination element, and Deputy Cook is immune. ...................................................................................20

Conclusion ...................................................................................................20

iii

# INDEX OF AUTHORITIES

**Cases**

*Ahlers v. Schebil*,
188 F.3d 365 (6th Cir. 1999) .......................................................................13

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009) ....................................................................................11

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*,
520 U.S. 397 (1997) ....................................................................................15

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544, 570 (2007) ..............................................................................6

*Bickerstaff v. Lucarelli*,
830 F.3d 388 (6th Cir. 2016) .......................................................................15

*Brown v. Louisville-Jefferson Cnty. Metro Gov't*,
135 F.4th 1022 (6th Cir. 2025).......................................................................7

*Burwell v. City of Lansing*,
7 F.4th 456 (6th Cir. 2021).............................................................................9

*Cady v. Arenac Cnty.*,
574 F.3d 334 (6th Cir. 2009).......................................................................18

*Campbell v. Riahi*,
109 F.4th 854 (6th Cir. 2024).........................................................................9

*City of Canton v. Harris*,
489 U.S. 378 (1989) ............................................................................. 15, 17

*City of Los Angeles v. Heller*,
475 U.S. 796 (1986) ....................................................................................19

*Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*,
508 F.3d 327 (6th Cir. 2007)..........................................................................6

*Connick v. Thompson*,
  563 U.S. 51 (2011) ...................................................................................2, 15

*Cummings v. City of Akron*,
  418 F.3d 676 (6th Cir. 2005) .........................................................................8

*DirecTV, Inc. v. Treesh*,
  487 F.3d 471 (6th Cir. 2007) .......................................................................12

*Fridley v. Horrighs*,
  291 F.3d 867 (6th Cir. 2002) .......................................................................13

*Gregory v. Shelby County*,
  220 F.3d 433 (6th Cir. 2000) .......................................................................12

*Harlow v. Fitzgerald*,
  457 U.S. 800 (1982) .......................................................................................9

*HDC, LLC v. City of Ann Arbor*,
  675 F.3d 608 (6th Cir. 2012) .......................................................................12

*Heck v. Humphrey*,
  512 U.S. 477 (1994) .......................................................................................8

*Johnson v. Moseley*,
  790 F.3d 649 (6th Cir. 2015) ................................................................. 10, 14

*Kossler v. Crisanti*,
  564 F.3d 181 (3d Cir. 2009) ..........................................................................7

*Kruger v. White Lake Twp.*,
  648 N.W.2d 660 (Mich. App. 2002) ...........................................................20

*Linden v. City of Southfield*,
  75 F.4th 597 (6th Cir. 2023).........................................................................15

*Livermore v. Lubelan*,
  476 F.3d 397 (6th Cir. 2007) .........................................................................9

v

*Maiden v. Rozwood*,
  597 N.W.2d 817 (Mich. 1999) ................................................................................19

*Marcilis v. Twp. of Redford*,
  693 F.3d 589 (6th Cir. 2012) ..................................................................................18

*Matthews v. Blue Cross & Blue Shield of Mich.*,
  572 N.W.2d 603 (Mich. 1998) .............................................................................6, 20

*Mayo v. Macomb Cnty.*,
  183 F.3d 554 (6th Cir. 1999) ..................................................................................17

*Mize v. Tedford*,
  375 F. App'x 497 (6th Cir. 2010) ...........................................................................18

*Monell v. Dep't of Soc. Servs.*,
  436 U.S. 658 (1978) .................................................................................................15

*Naji v. City of Dearborn*,
  120 F.4th 520 (6th Cir. 2024)..................................................................................19

*Novak v. City of Parma*,
  33 F.4th 296 (6th Cir. 2022).....................................................................................11

*Odom v. Wayne Cnty.*,
  760 N.W.2d 217 (2008)............................................................................................20

*Papasan v. Allain*,
  478 U.S. 265 (1986) ..................................................................................................11

*People v. Dupree*,
  486 Mich. 693 (2010) .................................................................................................8

*Plinton v. Cnty. of Summit*,
  540 F.3d 459 (6th Cir. 2008)....................................................................................18

*Pollard v. City of Columbus*,
  780 F.3d 395 (6th Cir. 2015)......................................................................................9

*Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*,
    508 U.S. 49 (1993) ........................................................................................13

*Quigley v. Tuong Vinh Thai*,
    707 F.3d 675 (6th Cir. 2013) ..........................................................................9

*Riverview Health Inst. L.L.C. v. Medical Mut. of Ohio*, 601 F.3d 505, 512
    (6th Cir. 2010) ................................................................................................5

*Robertson v. Lucas*,
    753 F.3d 606 (6th Cir. 2014) ........................................................................14

*Robinson v. City of Detroit*,
    462 Mich. 439 (2000) ....................................................................................19

*Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 487 (6th
    Cir. 2006).....................................................................................................2, 5

*Schreiber v. Moe*,
    596 F.3d 323 (6th Cir. 2010) ..........................................................................8

*Sykes v. Anderson*,
    625 F.3d 294 (6th Cir. 2010) ....................................................................6, 10

*VanVorous v. Burmeister*,
    687 N.W.2d 132 (Mich. App. 2004) .............................................................19

**Statutes**
Mich. Comp. Law 750.227b ...............................................................................7

## CONCISE STATEMENT OF THE REASONS

1. That Counts I and IV fail because the criminal proceeding did not terminate in Plaintiff's favor, where the murder count was dismissed as part of a plea bargain in which Plaintiff pleaded no contest to felony firearm arising from the same shooting.

2. That Count I fails as to Deputy Cook because he did not make, influence, or participate in the decision to prosecute, and because probable cause existed independent of the recording at issue.

3. That Plaintiff's claims are barred by *Heck v. Humphrey* because his theory of self-defense would necessarily imply the invalidity of his outstanding felony-firearm conviction.

4. That Deputy Cook is entitled to qualified immunity under both prongs because Plaintiff did not plead violations of the Constitution, yet alone clearly established violations.

5. That Count II fails where the recording was cumulative of evidence already presented in the criminal case, its significance was not apparent without forensic analysis, and Plaintiff pleaded no contest without ever going to trial.

6. That Count III fails to state a *Monell* claim where Plaintiff alleges no pattern of prior violations and demands only scenario-specific refinement of duties his own pleading concedes were known and covered by existing written directives.

7. That Count V fails because it impermissibly repackages intentional-tort allegations as gross negligence and cannot satisfy MCL 691.1407(2)(c)'s requirement that the conduct be "the" proximate cause.

viii

## INTRODUCTION

Plaintiff was charged with open murder after he admittedly shot and killed Davion Johnson. [PageID.92, ¶ 13; PageID.110, ¶ 75] He resolved those charges by pleading no contest to felony firearm in exchange for dismissal of the murder count, a bargain his own counsel explained on the record was struck "in light of the civil ramifications that may surround this case." [PageID.112, ¶ 87] He now sues the deputy who received a cell-phone audio clip of the shooting from a family member, and the County that employed him, on the theory that earlier disclosure of that clip would have unraveled the prosecution.

Despite its best efforts, the amended complaint fails as a matter of law at every step.

- The criminal proceeding did not terminate in Plaintiff's favor: the dismissed murder count and the felony-firearm count to which he pleaded arise from the same shooting and cannot be divorced.

- His theory of innocence-by-self-defense would necessarily imply the invalidity of his outstanding conviction, and is barred by *Heck v. Humphrey*.

- Deputy Cook, a patrol officer who was not the affiant, not an investigator, and not a witness, did not make, influence, or participate in any charging decision.

1

- And the recording itself, on Plaintiff's own allegations, was a better-quality copy of a recording already "entered and presented" in the criminal case [PageID.95, ¶ 31], whose significance emerged only after a detective sergeant's forensic analysis. [PageID.97, ¶ 42, PageID.112, ¶ 84]

As for the County, Plaintiff pleads no prior incident, no complaint, no pattern—nothing that could have placed a policymaker on notice. Instead he quotes, at length, the County's own written directives requiring precisely the conduct he says Cook failed to perform, and then insists that "Cook cannot claim ignorance of these obligations." [PageID.117, ¶ 108] That concession is fatal. A demand that the County has adopted a directive addressing this precise scenario is the "nuance" that "simply cannot support an inference of deliberate indifference." *Connick v. Thompson*, 563 U.S. 51, 67 (2011).

The First Amended Complaint should be dismissed with prejudice.

## STATEMENT OF THE ALLEGATIONS

On July 23, 2023, Davion Johnson fired a 9mm pistol at Plaintiff; Plaintiff "fired back," striking Johnson multiple times and killing him. [PageID.92, ¶¶ 12–15] Investigators recovered eight to nine 5.56mm rifle casings and one 9mm casing; witnesses saw a man flee with a rifle in a white Malibu, later identified by plate; the rifle was recovered nearby. [PageID.94-95, ¶¶ 19–23] A judge of the 9th Circuit Court issued an arrest warrant on August 2, 2023, and Plaintiff was charged with open murder, felony firearm, and felon in possession. [PageID.109-110, ¶¶ 74–75]

Deputy Cook, a patrol deputy in the operations division, was among the first responders. [PageID.91, ¶ 8, PageID.94, ¶ 24] The next day, his nephew provided him a TikTok clip capturing audio of the gunfire, a clip Plaintiff alleges was of "greater" sound quality than "the previous 'TikTok' video entered and presented in this case." [PageID. 95, ¶¶ 30–31] Cook did not believe the clip had evidentiary value "as it was an audio recording only." [PageID.95-96, ¶ 37] He mentioned it to Detective Sergeant Misner in November 2025; after Sergeant Dunlop "listened to it," Dunlop's "analysis determined" the 9mm fired first. [PageID. 96-97, ¶¶ 38–42, PageID.111, ¶ 84] Within days, Plaintiff pleaded no contest to felony firearm; the murder count was dismissed; and he was released with credit for time served. [PageID.111, ¶¶ 85–86] His counsel stated the plea was offered "in light of the civil ramifications that may surround this case." [PageID.112, ¶ 87]

3

Against the County, Plaintiff quotes at least five written directives including requirements that personnel, like deputies:

➤ "shall not commit any acts or omissions, which constitute neglect of duty, conduct unbecoming an officer, or which is likely to adversely affect directives, the discipline, or reputation of the Kalamazoo County Sheriff's Office," [PageID.99, ¶ 49];

➤ cannot "cause" false information to be reported, [PageID.99, ¶ 51];

➤ never withhold "material matter from a report, statement, record, or file" [PageID.99-100, ¶ 51];

➤ "submit all necessary reports daily and in accordance with KCSO procedures" [PageID.100, ¶ 51];

➤ report "any information given in good faith by a citizen" [PageID. 100, ¶ 52];

➤ cooperate in criminal investigations [PageID.99, ¶ 53]; and

➤ "never allow personal feelings, animosities, or friendships to influence official conduct" [PageID. 99, ¶ 50; PageID.100, ¶ 54].

Plaintiff also quotes the confidentiality directive to suggest that it bars deputies from releasing information to the Sheriff's Office and/or Prosecutor, while also directly quoting language that would require such disclosure: "by statute,

4

subpoena, court order, or other process of law, or if specific disclosure is approved and directed by the appropriate Division Command." [PageID. 101, ¶ 56]

Plaintiff alleges the County nevertheless failed to train patrol officers on the specific scenario of evidence received through personal channels and familial conflicts of interest. [PageID.101-107, ¶¶ 57–67] He alleges no prior similar incident.

Plaintiff also alleges that the County failed to supervise Deputy Cook because a supervisor did not ask him if "he had any personal connection to the crime scene, the victim, the witnesses, or any of the residents." Plaintiff does not allege this was asked of other deputies, that this is asked at other scenes, that this is a policy required by the County, or even that this is a standard recognized across the general law enforcement field or even municipal work in general.

## STANDARD OF REVIEW

A motion brought under Rule 12(b)(6) or 12(c) tests the sufficiency of the complaint and asks "whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Riverview Health Inst. L.L.C. v. Medical Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (internal quotations omitted); *Ross, Brovins & Oehmke, P.C. v. Lexis Nexis Grp.*, 463 F.3d 478, 487 (6th Cir. 2006). A complaint must allege all material elements of a "viable legal theory"

to be sufficient. *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

If, after construing the complaint in a light most favorable to the non-moving party, the court determines that plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," the court must grant the moving party judgement as a matter of law. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## LAW AND ANALYSIS

**I.    Counts I and IV fail because the criminal proceeding did not terminate in Plaintiff's favor.**

Both the federal and Michigan malicious prosecution claims require that the criminal proceeding "resolved in the plaintiff's favor." *Sykes v. Anderson*, 625 F.3d 294, 308–09 (6th Cir. 2010); *Matthews v. Blue Cross & Blue Shield of Mich.*, 572 N.W.2d 603, 610 (Mich. 1998). Under *Thompson v. Clark*, 596 U.S. 36, 49 (2022), a plaintiff "need only show that the criminal prosecution ended without a conviction." Plaintiff's prosecution ended *with* a conviction: he pleaded no contest to felony firearm arising from the very shooting underlying the dismissed murder count. [PageID.111-112, ¶¶ 85–86]

Where some charges terminate favorably and others do not, the Sixth Circuit asks "whether the favorably and non-favorably terminated charges are intertwined, such that the entire proceeding did not terminate in the plaintiff's favor." *Brown v.*

*Louisville-Jefferson Cnty. Metro Gov't*, 135 F.4th 1022, 1032 (6th Cir. 2025). The Sixth Circuit directs courts to consider whether the charges "(1) share common elements or involve lesser-included offenses; and (2) stem from the same underlying conduct, such that they 'cannot be divorced.'" *Id.* at 1032-33 (*quoting Kossler v. Crisanti*, 564 F.3d 181, 188–89 (3d Cir. 2009) (en banc)).

The charges here cannot be divorced. All three counts arose from a single shooting of a single victim at a single time and place. Michigan felony firearm, Mich. Comp. Law 750.227b, requires possession of a firearm during the commission of, or the attempted to commission of, a felony. This crime is definitionally welded to a predicate felony arising from the same act. In *Brown*, the murder charge was separable only because it involved "a different victim and events occurring at a different time and place." *Brown*, 135 F.4th at 1033. The charges there also involved different elements, were brought under different indictments, and dismissed on different dates.

This case is the exact opposite of *Brown*. The charges are dependent on the same action, arose at the same time, and involved the same victim. Even the dismissal demonstrates the similarities; the dismissal was not a unilateral abandonment, but a bargain exchange. Plaintiff's counsel stated on the record that the plea was offered "in light of the civil ramifications that may surround this case." [PageID.112, ¶ 87] A proceeding a plaintiff resolves by bargained conviction on an

7

intertwined count is not a favorable termination, and Counts I and IV fail at the threshold.

## II.   Plaintiff's self-defense theory is barred by *Heck v. Humphrey.*

A § 1983 claim is barred where success "would necessarily imply the invalidity" of an outstanding conviction. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The bar applies where the § 1983 suit "seeks a determination of a fact that, if true, would have precluded the conviction," including where the asserted fact "is an affirmative defense to the crime." *Schreiber v. Moe*, 596 F.3d 323, 334–35 (6th Cir. 2010) (*citing and affirming Cummings v. City of Akron*, 418 F.3d 676, 684 (6th Cir. 2005) (applying *Heck* to a no contest plea).

Plaintiff's theory is that he "fired back in self-defense" [PageID.92, ¶ 13] and that the suppressed recording "establish[ed] that the victim Davion Johnson fired first." [PageID.97, ¶ 43] But Plaintiff stands convicted of felony firearm arising from that same act. It matters not what the predicate for the conviction was, i.e. homicide or felon in possession. If the predicate felony was the homicide, a finding of lawful self-defense negates the predicate outright. If the predicate was felon in possession, self-defense is an affirmative defense to that offense as well. *People v. Dupree*, 486 Mich. 693, 696 (2010). Either way, a judgment for Plaintiff on his self-defense theory would necessarily imply the invalidity of his conviction. *Heck* bars Counts I and II, and the same logic defeats the state-law counts.

8

### III.    Deputy Cook is entitled to Qualified Immunity.

A police officer is entitled to qualified immunity if his conduct does not violate clearly established constitutional rights. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The plaintiff has the burden to refute the defense when raised. *Livermore v. Lubelan*, 476 F.3d 397, 403 (6th Cir. 2007). The plaintiff must present facts that would permit a reasonable juror to find a constitutional violation. *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013). Each officer's conduct must be analyzed separately; an officer cannot be held liable for a constitutional violation he did not commit. *Pollard v. City of Columbus*, 780 F.3d 395, 402 (6th Cir. 2015).

A plaintiff must also demonstrate the right in question was clearly established on the date of the incident. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). A plaintiff "must point to *pre-existing* Supreme Court or Sixth Circuit precedent that would have put a reasonable officer on notice that *her specific conduct* was unlawful." *Campbell v. Riahi*, 109 F.4th 854, 860 (6th Cir. 2024) (emphasis added).

Deputy Cook is entitled to immunity under both prongs of the analysis for the federal claims raised against him. As demonstrated below, Plaintiff has not pled valid constitutional violations. Additionally, Plaintiff has not pled violations of clearly established law. No case clearly established in July 2023 that a patrol officer, unassigned to an investigation, who receives an audio-only recording and perceives no evidentiary value, violates the Fourth Amendment or Due Process Clause by

9

failing to route it to detectives.

## IV.    Count I independently fails as to Deputy Cook.

    A.    *Cook did not make, influence, or participate in the decision to prosecute.*

The first element of § 1983 malicious prosecution requires that the officer "ma[d]e, influence[d], or participate[d] in the decision to prosecute." *Sykes*, 625 F.3d at 308 (citations and quotations omitted). Participation "is akin to 'aided.' To be liable for 'participating' in the decision to prosecute, the officer must participate in a way that aids in the decision, as opposed to passively or neutrally participating." *Id.* at 308–09 n.5. "[T]here must be some element of blameworthiness or culpability in the participation," and allegations that officers did not investigate, did not testify, and did not press for prosecution "in any non-neutral or blameworthy way" fail at the pleading stage. *Johnson v. Moseley*, 790 F.3d 649, 654–55 (6th Cir. 2015) (reversing denial of Rule 12(b)(6) dismissal). The conduct must amount to "something beyond mere negligence or innocent mistake" that was "deliberate—i.e., given with knowledge of, or reckless disregard for, its falsity." *Id.* at 655.

    Cook supplied nothing to the prosecution. He was not the warrant affiant, not an assigned investigator, not a member of CID, and not a witness at any stage. "A prosecutor's independent charging decision typically breaks the causal chain for malicious-prosecution purposes. The only exception is when an officer could 'reasonably foresee that his misconduct'—read, false statements—would result in

10

an independent decision to prosecute." *Novak v. City of Parma*, 33 F.4th 296, 307 (6th Cir. 2022). Plaintiff alleges no statement by Cook to anyone, false or otherwise. A prosecutor charged this case, and a state judge issued the warrant.

Plaintiff relies on "Cook's familial" relationship to satisfy the element of deliberateness, pleading that it "created an inherent conflict of interest that required disclosure to supervisors and prosecutors." [PageID.97, ¶ 44] However, Plaintiff has not pled any facts that demonstrate the familial relationship was an "inherent conflict of interest" that "required disclosure." No directive of the many he quotes required it. Nor is such a conclusion support by law. The Court is not required to accept this because it is not a well-pled allegation.

A complaint's legal conclusions receive no presumption of truth, and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's assertion that the familial relationship "created an inherent conflict of interest that required disclosure" is exactly that—a legal characterization offered in the place of facts. It recites an element of the claim without pleading anything to support it, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. That the allegation is stated with confidence does not rescue it. It is "the conclusory nature" of an allegation, not whether it is plausible, "that disentitles [it] to the presumption

11

of truth." *Id.* at 681.

The Sixth Circuit applies the same rule. On a Rule 12(b)(6) motion, a court "need not accept as true legal conclusions or unwarranted factual inferences." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (*quoting Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Both defects appear here. The existence of an "inherent conflict of interest," and of a duty that "required disclosure," are legal conclusions. And the inference that Cook's familial relationship triggered any obligation to disclose is unwarranted—Plaintiff points to no directive imposing such a duty, and none of the directives he quotes does.

Where a plaintiff pleads the characterization but not the facts, dismissal follows. In *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 612–14 (6th Cir. 2012), the complaint failed because the plaintiffs "made only conclusory allegations" and "failed to provide factual allegations from which the court could infer" the conduct alleged.. So too here. Even accepting every well-pled fact as true, Plaintiff has pled nothing from which this Court could infer that the familial relationship was a conflict of interest, or that any such conflict required disclosure. The allegation is a legal conclusion, and the Court should disregard it.

B.    *Probable cause existed independent of the recording.*

The second element of a malicious prosecution claim requires there was a lack of probable cause for the criminal prosecution. *Sykes*, 625 F.3d at 308-09. Probable

12

cause is a question of law for the Court to decide. *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 63 (1993).

On the face of the pleading, officers had probable cause: Plaintiff admits he fired the fatal shots [PageID.92 ¶¶ 13–14]; the scene yielded eight to nine rifle casings [PageID.93, ¶ 19]; witnesses described the fleeing shooter and vehicle [PageID. 93-94, ¶¶ 21–22]; and the rifle was recovered nearby. [PageID.94, ¶ 23] The recording bears only on the *sequence* of fire—that is, on a potential affirmative defense, not on the elements. "Once probable cause is established, an officer is under no duty to investigate further or to look for additional evidence which may exculpate the accused." *Ahlers v. Schebil*, 188 F.3d 365, 371 (6th Cir. 1999).

Nor must officers resolve affirmative defenses before arrest: "[e]ven if the circumstances suggest that a suspect may have an affirmative defense, if a reasonable officer would not 'conclusively know' that the suspect is protected by the defense, then he is free to arrest the suspect provided there is probable cause to do so." *Fridley v. Horrighs*, 291 F.3d 867, 873,874 (6th Cir. 2002) (further holding "it is not the rule that they must investigate a defendant's legal defenses prior to making an arrest"). An audio clip establishing who fired first, against a plaintiff who admits firing a rifle at least eight times, does not come close to "conclusive" knowledge of lawful self-defense. It establishes nothing about what was occurring at the time before the shots, least of not in the face of evidence that the second shooter stayed

13

to fire shots and then fled. As such, the Court should hold that probable cause existed and was not negated by the later recording, such that Deputy Cook is entitled to dismissal.

## V.   Count II fails: the recording was cumulative, its significance was not apparent, and Defendant is entitled to Qualified Immunity.

First, on Plaintiff's own allegations the recording was cumulative. Paragraph 31 concedes that the clip's sound quality was merely "greater than the previous 'TikTok' video *entered and presented in this case*." [PageID.95 (emphasis added). Evidence already possessed by and presented in the defense's criminal case cannot be the subject of a suppression claim; a better-quality copy of known evidence is cumulative, not material.

Second, the pleading itself establishes that the recording's exculpatory significance was not apparent. It took Detective Sergeant Dunlop's forensic "analysis" and opinion testimony to "determine[]" that the 9mm fired first. [PageID.97, ¶ 42, PageID.111, ¶ 84] Cook, a patrol deputy who perceived "no evidentiary value" in an audio-only clip (¶ 37), cannot be charged with knowledge that a trained detective needed forensic analysis to reach. The complaint pleads, at most, a mistaken lay judgment, and "[a]llegations of negligence or innocent mistake are insufficient." *Robertson v. Lucas*, 753 F.3d 606, 617 n.7 (6th Cir. 2014); *Johnson v. Moseley*, 790 F.3d 649, 655 (6th Cir. 2015).

## VI.   Count III fails to state a claim of municipal liability.

14

A.      *Plaintiff pleads no pattern, and his own allegations foreclose single-incident liability.*

A municipality is liable only for its own acts, never vicariously. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). For a failure-to-train theory, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Deliberate indifference is "a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 410 (1997). The amended complaint alleges no prior incident, no complaint, no audit, no notice of any kind. The Sixth Circuit affirms Rule 12(b)(6) dismissals on exactly this record. *Linden v. City of Southfield*, 75 F.4th 597 (6th Cir. 2023) (complaint "does not allege other similar incidents that would have put the City on notice of a need for more training"); *Bickerstaff v. Lucarelli*, 830 F.3d 388, 401-02 (6th Cir. 2016).

That leaves the "narrow range" of single-incident liability hypothesized in *Canton*'s footnote 10—and *Connick* held that "[f]ailure to train [government employees] in their *Brady* obligations does not fall within the narrow range of *Canton*'s hypothesized single-incident liability." *Connick v. Thompson*, 563 U.S. 51, 63-64 (2011); *City of Canton v. Harris*, 489 U.S. 378, 390 n. 10 (1989).

The *Canton* hypothetical assumes employees with "no knowledge at all" of their constitutional obligations. Where employees know the general rule, and a

15

plaintiff has to resort to asserting "that [they] were not trained about particular *Brady* evidence or the specific scenario related to the violation in his case" then "[t]hat sort of nuance simply cannot support an inference of deliberate indifference." 563 U.S. at 67.

Plaintiff has pleaded himself squarely into that holding. To defeat qualified immunity, he alleges that "[a] reasonable law enforcement officer in Cook's position would have known" of the duty to disclose (¶ 45), that "Cook cannot claim ignorance of these obligations" (¶ 108), and that "[n]o reasonable officer could believe" the conduct permissible (¶ 118). Having pleaded that the duty was made known by the County through its policies and obvious, Plaintiff cannot simultaneously ask the Court to infer that the County's failure to restate it in a scenario-specific directive was the "moving force" behind anything. Either Cook knew—and the absence of a more granular directive caused nothing—or the duty was genuinely unclear, and Cook is immune. The complaint cannot have both.

B.    *The County's existing directives covered the conduct; what remains is hindsight.*

Plaintiff quotes the directives at length. Directive 1.0.4 § IX.B imposed on "every employee" the duty "to properly report any information given in good faith by a citizen regarding matters which indicate the need for action or recording by KCSO." [PageID.100, ¶ 52] Section VII.A prohibited withholding "material matter from a report, statement, record, or file." [PageID.100, ¶ 51] Section IX.C required

16

cooperation in criminal investigations. [PageID.100, ¶ 53] Section IV.B and the Code of Ethics forbade letting "personal feelings, animosities, or friendships" influence official conduct. [PageID.99-100, ¶¶ 50, 54] The scenario Plaintiff says was unaddressed, i.e., a deputy receiving case-related information from a citizen family member, is the scenario § IX.B describes.

"[A]dequately trained officers occasionally make mistakes; the fact that they do says little about the training program," and "[i]n virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city 'could have done' to prevent the unfortunate incident." *City of Canton v. Harris*, 489 U.S. 378, 391–92 (1989). "[I]t is not enough . . . to show that his injury could have been avoided if the officer had more or better training." *Mayo v. Macomb Cnty.*, 183 F.3d 554, 558 (6th Cir. 1999). Section 1983 "does not provide plaintiffs or courts *carte blanche* to micromanage local governments." *Connick*, 563 U.S. at 68.

Plaintiff's "confusion" theory that the confidentiality directive (1.0.36) misled Cook into silence (¶¶ 58, 128) is refuted by his own pleading three ways. Paragraph 37 alleges Cook's actual reason: he believed the clip had no evidentiary value. Paragraph 56 quotes the directive's express exception for disclosure "required by statute, subpoena, court order, or other process of law." And by its terms the directive governs disclosure outside KCSO—not the internal routing of evidence to the

17

Criminal Investigation Division. A directive cannot be the moving force behind conduct its own text excepts and that the actor attributes to a different cause.

C.    *The Prosecutor's Office allegations cannot support County liability.*

Paragraphs 63, 124, and 129 fault the County for the Kalamazoo County Prosecutor's Office's procedures. A Michigan prosecuting attorney acts as a state agent—not a county agent—when prosecuting state criminal charges, and his conduct "could not be attributed to" the county. *Cady v. Arenac Cnty.*, 574 F.3d 334, 342–43 (6th Cir. 2009). Those allegations should be disregarded entirely.

D.    *The failure-to-supervise theory adds nothing.*

Failure-to-supervise claims share the failure-to-train elements and are analyzed jointly. *Marcilis v. Twp. of Redford*, 693 F.3d 589, 605 (6th Cir. 2012). Deliberate indifference requires "prior instances of unconstitutional conduct demonstrating that the [municipality] has ignored a history of abuse." *Plinton v. Cnty. of Summit*, 540 F.3d 459, 464 (6th Cir. 2008). None is alleged. The suggestion that a supervisor should have cross-referenced the response roster against apartment residency records to detect a deputy's nephew (¶ 68) is precisely the hindsight *Canton* forecloses; the theory "is a rare one . . . few actual specimens have been proved." *Mize v. Tedford*, 375 F. App'x 497, 500 (6th Cir. 2010). Moreover, Plaintiff did not allege factual support for this proposition he offers.

Finally, because Plaintiff suffered no underlying constitutional deprivation for

18

the reasons stated above, the municipal claim fails with it. *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

## VII. Count V impermissibly repackages intentional conduct as gross negligence.

Every predicate act pleaded in Count V is intentional: "deliberately suppressing" evidence, "[c]oncealing" a conflict of interest, "failing to disclose . . . despite a clear duty," and "[m]aintaining this suppression." [PageID.134-135, ¶ 151] Michigan "has rejected attempts to transform claims involving elements of intentional torts into claims of gross negligence." *VanVorous v. Burmeister*, 687 N.W.2d 132, 143 (Mich. App. 2004), *overruled in part on other grounds by Odom v. Wayne Cnty.*, 760 N.W.2d 217 (Mich. 2008); *accord Naji v. City of Dearborn*, 120 F.4th 520 (6th Cir. 2024) (holding "[g]ross negligence is cognizable under Michigan law only when not 'fully premised on' an intentional-tort claim"). Count V is Count IV in a different hat, and "plaintiff cannot avoid the protections of…immunity by artful pleading." *Maiden v. Rozwood*, 597 N.W.2d 817, 831 (Mich. 1999).

Count V independently fails on causation. MCL 691.1407(2)(c) requires that the employee's conduct be "the proximate cause" — "the one most immediate, efficient, and direct cause preceding an injury." *Robinson v. City of Detroit*, 462 Mich. 439, 459 (2000). Between Cook's alleged omission and Plaintiff's detention stand a prosecutor's charging decision, a judge's warrant, a judicial bindover, and

Plaintiff's own plea. Where "several other more direct causes" intervene, "[a]ny gross negligence on the defendant officers' part is too remote to be 'the' proximate cause." *Kruger v. White Lake Twp.*, 648 N.W.2d 660, 663 (Mich. App. 2002).

## VIII.  Count IV fails with the favorable-termination element, and Deputy Cook is immune.

Michigan malicious prosecution requires favorable termination, *Matthews v. Blue Cross & Blue Shield of Michigan*, 572 N.W.2d 603, 610 (1998), which fails for the reasons in Part I. In addition, "the prosecutor's exercise of his independent discretion in initiating and maintaining a prosecution is a complete defense to an action for malicious prosecution," *id.* at 613, and Plaintiff pleads that the prosecutor charged this case on an independent police investigation to which Cook contributed nothing. Deputy Cook further invokes governmental immunity under *Odom v. Wayne Cnty.*, 760 N.W.2d 217, 228-29 (2008): he acted within the scope of his authority, in the good faith reflected on the face of the pleading (¶ 37), and his judgments about the evidentiary value of information were discretionary

## CONCLUSION

Plaintiff resolved his criminal case by a bargained plea, stands convicted of a felony arising from the same shooting, and pleads a municipal claim premised on directives that already required everything he says was missing. Defendants respectfully request that the Court dismiss the First Amended Complaint in its

20

entirety, with prejudice. Plaintiff has already amended once, with the benefit of Defendants' first motion identifying the deficiencies; a second failure to state a claim warrants dismissal without further leave.

Respectfully submitted,

**SEWARD HENDERSON PLLC**

/s/Kali M.L. Henderson (P76479)
*Attorneys for Defendants*
210 East 3rd Street, Suite 212
Royal Oak, Michigan 48067
P: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com

Dated:   June 8, 2026

21

## CERTIFICATE OF COMPLIANCE

I hereby certify this brief contains 4,868 words and was prepared in Microsoft Word, version 365.

/s/Kali Henderson
**Seward Henderson PLLC**

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2026, I electronically filed the foregoing document with the Clerk of the court using the ECF system, which will send notification to the following: *All Parties and Attorneys of Record.*

/s/Kali Henderson
**Seward Henderson PLLC**
210 East 3rd Street, Suite 212
Royal Oak, MI 48067
T: (248) 733-3580
F: (248) 733-3633
E: khenderson@sewardhenderson.com

22